

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
**(973) 645-6340**

**WILLIAM J. MARTINI**
   **JUDGE**

**LETTER OPINION**

June 9, 2006

Kurt H. Kramer
Maria E. Kramer
161 Pine Tree Road
Bloomingdale, NJ 07403
*Pro-se Plaintiff*s

Perry S. Warren
Maselli Warren, PC
600 Alexander Road
Princeton, NJ 08540
*Attorney for Defendants Thomas Kubicka and*
*Bonnie Kubicka*

      **Re:**    **Kurt H. Kramer and Maria E. Kramer v.**
             **Thomas Kubicka and Bonnie Kubicka**
             <u>**Civil Action No. 05-2621 (WJM)**</u>

Dear Litigants:

       This matter comes before the Court on Defendant's 12(b)(6) motion to dismiss for failure to state a claim and for improper service. Also before the Court is *pro-se* Plaintiffs' Rule 56 motion for partial summary judgment as to violations of Pennsylvania usury statutes. The motions are both opposed and the Court adjudicates this matter on the papers. Fed. R. Civ. P. 78. For the reasons stated below, the Plaintiff's motion is **DENIED**, Defendant's motion is **GRANTED** and the Complaint is **DISMISSED**.

**BACKGROUND**

Plaintiffs are a married couple who contend they were lifelong friends with married Defendants Thomas and Bonnie Kubicka. During a period from 1978-1993 Defendants loaned Plaintiffs a total of $28,700 at a range of interest rates, the highest of which was 18%; Plaintiffs signed notes for each loan. Plaintiffs made interest-only payments on these notes until March 24, 1994 at which point they stopped paying altogether. On February 25, 1998, Plaintiffs filed for Chapter 13 bankruptcy; the bankruptcy was dismissed. On June 4, 1999, the Kubickas filed an action against the Kramers in the Buck's County, Pennsylvania, Court of Common Pleas demanding the total outstanding on the notes plus interest for a total of $53,187.20.

Default Judgment was entered against the Kramers in that Pennsylvania action on September 3, 2000 and the Kramers wrote the Kubickas a $59,500 check, dated May 16, 2001, for the total judgment in that case; the check was cashed May 18, 2001. Satisfaction was entered in Pennsylvania on July 3, 2001 and in New Jersey on August 7, 2001. The Kramers allege that error of counsel led to their default, but they made no attempt to challenge or re-open judgment in the Pennsylvania case before writing their check satisfying the judgment.

Plaintiffs filed their Complaint with this Court on May 18, 2005 and amended it on September 13, 2005 and October 27, 2005. Plaintiff's claim violation of New Jersey and Pennsylvania usury statutes, and violations of the federal Racketeer Influenced and Corrupt Organizations Statute and Truth in Lending Act. They seek reimbursement of payments made, along with statutory and other damages.

Process was served on Defendant's residence in Pennsylvania; however Defendants were out of the country and service was accepted by a foreign national residing in their house on a "home exchange" program, who turned over the papers to Defendants when they returned 20 days later.

Defendants filed their motion to dismiss *pro-se* on October 7, 2005 for failure to state a claim and asserting insufficient service.[1] On November 28, 2005, Plaintiffs filed their motion for summary judgment on Count XV for relief under Pennsylvania's usury laws. On December 12, 2005, Defendants, now with attorney representation, responded in opposition to Plaintiff's motion for partial summary judgment and in support of Defendants' motion to dismiss.

---

[1] Maselli Warren, P.C. filed notice of appearance on behalf of Defendants in this matter on December 1, 2005.

2

**DISCUSSION**

**I.      Standard for Summary Judgment Pursuant to Rule 56**

Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. *See* Fed. R. Civ. P. 56. Rule 56(e) requires that when a motion for summary judgment is made, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial. *See id.*; *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. Only disputes over facts that might affect the outcome of the lawsuit under governing law will preclude the entry of summary judgment. *See Anderson*, 477 U.S. at 247-48. If the evidence is such that a reasonable fact-finder could find in favor of the nonmoving party, summary judgment should not be granted. *See id.*; *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The Court recognizes the long-standing practice of construing *pro-se* plaintiffs' pleadings liberally, and gives Plaintiffs every benefit of the doubt in its considerations. *See, e.g. U.S. v. Miller*, 197 F.3d 644, 648 (3d Cir. 1999).

**II.     Defendant's Motions to Dismiss are Converted to Motions for Summary Judgment**

The rule in evaluating a motion to dismiss is that if matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 and all parties shall be given a reasonable opportunity to present all material made pertinent to such a motion by Rule 56. Fed. R. Civ. P. 12(b); *accord Rose v. Bartle*, 871 F.2d 331, 340-42 (3d Cir. 1989). The Third Circuit has cautioned that express notice should generally be given before the Court converts a motion to dismiss into one for summary judgment. *See, e.g., In re Rockefeller Ctr. Prop., Inc. Secs Litig.*, 184 F.3d 280, 288 (3d Cir. 1999). However when the parties are on sufficient notice of potential conversion and the opposing party is not prejudiced by such conversion, such express notice by the Court is not necessary. *See Carver v. Plyer*, 115 Fed. Appx. 532, 536-37 (3d Cir. 2004); *Hilferty v. Shipman*, 91 F.3d 573, 578-79 (3d Cir. 1996). Likewise, when an issue is fully developed in response to a motion for summary judgment, a Court may grant summary judgment for the opposing party when appropriate. *See Gibson v. Mayor and Council of the City of Wilmington*, 355 F.3d 215, 224 (3d Cir. 2004).

In the instant case, *pro-se* Plaintiffs have submitted voluminous pleadings, including affidavits, charts, documentation related to the Pennsylvania action and other evidence both in support of their motion for partial summary judgment and in opposition to Defendants' motion to dismiss. Conversion therefore is appropriate, and would not prejudice Plaintiffs. Accordingly, the Court will consider both motions as ones for summary judgment and dispose of them accordingly.

### III.     Plaintiffs' Pennsylvania State Law Claims are Barred by Satisfaction of the Pennsylvania Judgment

As an initial matter, Defendants challenge the propriety of service upon Defendants. However, it appears that service was acceptable under Pennsylvania law. *Simmons v. Delaware County Tax Claim Bureau*, 796 A.2d 400, 404-05 (Pa. Commw. Ct. 2002); *U.S. v. Whitehead*, No. Civ.A. 02-9363, 2005 WL 2202992 at *3 (E.D.Pa. Aug. 3, 2005).

Plaintiffs assert jurisdiction under 28 U.S.C. § 1331 pursuant to the Racketeer Influenced and Corrupt Organizations Statute[2] ("RICO") and the Truth in Lending Act ("TILA").[3] Although the pleadings are unclear, the Court assumes that Plaintiffs bring their Pennsylvania and New Jersey state court claims pursuant to supplemental jurisdiction under 28 U.S.C. § 1367. Because the exploration of res judicata necessary for adjudication of these state claims impacts the Court's consideration of the federal claims, the Court will address the state claims first.

In evaluating these state claims, this Court is bound under the Full Faith and Credit Act[4] to give Plaintiff's satisfaction of the Pennsylvania default judgment "the same preclusive effect . . . as another court of that State would give." *Rycoline Prods., Inc v. C & W Unlimited,* 109 F.3d 883, 887 (3d Cir. 1997). So the Court must look to relevant state law to determine what preclusive effect the default judgment must have on this Court.

Both Pennsylvania and New Jersey law hold that res judicata, or claim preclusion, will apply to an earlier judgment when three requirements are satisfied:

> "1) the judgment in the prior action must be valid, final, and on the merits;  (2) the parties in the later action must be identical to or in privity with those in the prior action;  and (3) the claim in the later action must grow out of the same transaction or occurrence as the claim in the earlier one."

*Hulmes v. Honda Motor Co.*, 924 F.Supp. 673, 682 n.12 (D.N.J. 1996) (*citing Watkins v. Resorts Int'l Hotel and Casino, Inc.*, 591 A.2d 592 (N.J. 1991).) *See also Gregory v. Chehi*, 843 F.2d 111, 116 (3d Cir. 1988) (interpreting Pennsylvania law).[5] Applying these criteria to the present case, the Court finds that both Plaintiff's Pennsylvania and New Jersey state claims are barred.

---

[2]  18 U.S.C. § 1961 *et seq.*

[3]  15 U.S.C. § 1601 *et seq.*

[4]  28 U.S.C. § 1738.

[5]  Pennsylvania also has a "quality or capacity" requirement that is not applicable here. *Gregory v. Chehi*, 843 F.2d at 116.

The rule in both New Jersey and Pennsylvania is that a default judgment is a valid and final adjudication on the merits and therefore has res judicata effect barring future litigation. *See Evangel Baptist Church v. Chambers*, 233 A.2d 82, 84 (N.J. Ch. 1967) ("A default judgment, properly entered, has [no] less binding effect upon possible future interests in land than a judgment entered in a contested matter.") *See also Fox v. Gabler*, 626 A.2d 1141, 1143 (Pa. 1993) ("[J]udgment by default is *res judicata* and quite as conclusive as one rendered on a verdict after litigation insofar as a defaulting defendant is concerned.")

Furthermore, the rule in Pennsylvania is that satisfaction of a default judgment prevents any future litigation of defenses to both the default and any underlying claims. As the Pennsylvania Supreme Court held nearly six decades ago, "[i]t is elementary that judgment settles everything involved in the right to recover, not only all matters that were raised, but those which might have been raised." *Lance v. Mann*, 60 A.2d 35, 36 (Pa. 1948). "Because the law contemplates an end to litigation, further proceedings may not commence upon a judgment which has been satisfied." *Wilk v. Kochara*, 647 A.2d 595, 596 (Pa. Super. Ct. 1994) (*citing Lance*, 60 A.2d at 36.) *Id*. Plaintiffs provide evidence that they satisfied the Pennsylvania state court action by check dated May 16, 2005. (Compl. at Ex. R; Pl's Dec. 27, 2005 Opp. at Ex. V3.)

Finally, it is uncontested that the Kramers and Kubickas were both parties to the Pennsylvania action to enforce the very same debts against which Plaintiffs now try to move under Pennsylvania and New Jersey law. (Pl's Dec. 27, 2005 Opp. at Ex. V3.) Therefore, the Pennsylvania state court decision is res judicata precluding the present Pennsylvania and New Jersey statutory claims.

## IV.     Plaintiffs' Federal Claims are Barred by Res Judicata and the Statute of Limitations

Plaintiffs RICO and TILA claims are similarly barred by satisfaction of the Pennsylvania state court default judgment. However, even if they were not so barred, Plaintiffs TILA claims are plainly improper as Defendants were not creditors as defined by TILA. *See* 12 C.F.R. 226.2 (1)(17)(I) n.3. Furthermore, all TILA claims have a one-year statute of limitations that would bar any claim based on the violations alleged in the Complaint. *See* 15 U.S.C. § 1640(e).

Likewise, Plaintiff's RICO claims are time-barred. It is well settled that RICO actions enjoy a four-year statute of limitations period. *Mathews v. Kidder Peabody & Co., Inc*. 260 F.3d 239, 244 (3d Cir. 2001). Last payment on the notes at issue was made in 1997 and Plaintiffs' pleadings demonstrate that they were clearly aware of their high interest rate at the time of payment; so any RICO claims on these payments is time-barred. Indeed, the only potential RICO related activity that might fall within the limitations period is Defendant's collection of the Pennsylvania state court satisfaction payment.

Plaintiffs argue that this last payment, arguably cashed precisely four years before the Complaint was filed, was a "collection of an unlawful debt" prohibited by RICO. (Compl. at 16); 18 U.S.C. § 1962. However, this payment was made to satisfy the Pennsylvania default judgment. As explained above, Plaintiffs' satisfaction of that judgment bars Plaintiffs from

claiming before this Court that satisfaction of the judgment was "unlawful" as any such claims regarding the judgment or underlying debt needed to have been brought before satisfaction.

**CONCLUSION**

For the reasons set forth above, Plaintiff's motion for partial summary judgment is **DENIED**, Defendants converted motion for summary judgment is **GRANTED** and Plaintiffs' Complaint is **DISMISSED IN ITS ENTIRETY**.

_____
William J. Martini, U.S.D.J.

cc:	The Hon. Ronald J. Hedges, U.S.M.J.